UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BERNARDO SANCHEZ and EDGAR DELGADO, individually and on behalf of other persons similarly situated who were employed by IND GLATT, INC. and I&D GLATT 2, INC d/b/a I&D GLATT or any other entities affiliated with or controlled by IND GLATT, INC. and DAVID YIZHAKY,<br><br>Plaintiffs,<br><br>- against -<br><br>IND GLATT, INC. and I&D GLATT 2, INC d/b/a I&D GLATT or any other entities affiliated with or controlled by IND GLATT, INC., I&D GLATT 2, INC and DAVID YIZHAKY,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT** |

The Named Plaintiffs, by their attorneys, Virginia & Ambinder, LLP allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207 and 216(b), New York Labor Law Article 19 § 663, and 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") §§ 146-1.4, 1.6, 2.2, and 2.3 to, to recover unpaid overtime wages, spread of hours compensation, and damages arising out of Defendants' failure to provide accurate paystubs and wage statements, owed to the Named Plaintiffs and all similarly situated persons who are presently or were formerly employed by IND GLATT, INC. and I&D GLATT 2, INC d/b/a I&D GLATT (hereinafter collectively referred to as "I&D Glatt") or any other entities affiliated with or controlled by IND GLATT, INC. and I&D GLATT 2, INC d/b/a I&D GLATT and DAVID YIZHAKY, individually (hereinafter collectively referred to as "Defendants").

2. Beginning in approximately 2010 and, upon information and belief, continuing through the present, Defendants have failed to provide overtime compensation to their employees for all hours worked in excess of 40 hours in any given week.

3. Beginning in approximately 2010 and, upon information and belief, continuing through the present, Defendants have failed to provide Plaintiffs and other members of the putative class with paystubs and wage statements.

4. Beginning in approximately 2010 and, upon information and belief, continuing through the present, Defendants have failed to provide spread of hours compensation to their employees on the days when their shifts exceeded ten hours in one day.

5. Under the direction of Defendants' shareholder, corporate officer, and/or director, David Yizhaky Defendants instituted this practice of depriving their employees of the basic compensation for work performed as mandated by federal and state law.

6. The Named Plaintiffs have initiated this action seeking the recovery for themselves and on behalf of all similarly situated employees, all compensation, including overtime compensation, which they were deprived of, as well as damages arising out of Defendants' failure to provide accurate paystubs and wage statements, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION

7. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

## VENUE

8. Venue for this action in the Eastern District of New York under 28 U.S.C. § 1391

(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of New York.

## THE PARTIES

9. Plaintiff Bernardo Sanchez is an individual who is currently a resident of New York and was employed by Defendants as a butcher and meat packer from approximately July 2009 through December 2014.

10. Plaintiff Edgar Delgado is an individual who is currently a resident of New York and was employed by Defendants as a butcher from approximately June 2011 through January 2016.

11. Upon information and belief, Defendant IND GLATT, INC. is a domestic limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 482 Ave. P., Brooklyn, NY 11223 and is engaged in the processing and sale of kosher meat, fish, and poultry business.

12. Upon information and belief, Defendant I&D GLATT 2, INC. is a domestic limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 177 Hempstead Ave., West Hempstead, NY 11552 and is engaged in the processing and sale of kosher meat, fish and poultry business.

13. Upon information and belief, Defendant David Yizhaky is a resident of 482 Ave. P., Brooklyn, NY 11223 and is, and at all relevant times was, an officer, director, president, vice president, and/or owner of IND GLATT, INC. and I&D GLATT 2, INC.

14. Defendants engage in interstate commerce, produce goods for interstate commerce, and/or handle, sell, or work on goods or materials that have been moved in or produced for interstate commerce.

15. Upon information and belief, Defendants annual gross volume of sales made or

business done is not less than $500,000.

## CLASS ALLEGATIONS

16. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

17. This action is brought on behalf of the Named Plaintiffs and a class consisting of similarly situated employees who worked for Defendants as butchers, meat and poultry handlers, cleaners, packagers and related jobs.

18. The Named Plaintiffs and potential plaintiffs who elect to opt-in as part of the collective action and putative class members are all victims of the Defendants' common policy and / or plan to violate the NYLL and FLSA by failing to provide overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207, failing to provide spread of hours compensation on days when the Named Plaintiffs and other members of the putative class worked shifts longer than ten hours in one day, pursuant to Title 12 NYCRR §146.16(a), and failing to provide accurate paystubs and wage statements pursuant to NYLL §§ 198-1(d) and 195 and 12 NYCRR § 146-2.2 and 2.3 .

19. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 50 employees. In addition, the names of all potential members of the putative class are not known.

20. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to, whether the Defendants (a) failed to pay overtime wages, at the rate of one and

one half times the regular rate of pay, for all hours worked in excess of forty hours in any given week in violation of federal and state law; (b) failed to provide spread of hours compensation to the Named Plaintiffs and the putative class when they worked shifts in excess of ten hours in one day; and (c) failed to provide the Named Plaintiffs and other members of the putative class with accurate paystubs and wage statements.

21. The claims of the Named Plaintiffs are typical to the claims of other members of the putative class. The Named Plaintiffs and other members of the putative class were all subject to Defendants' policies and willful practices of failing to pay their employees all earned overtime wages and spread of hours compensation, and failing to provide accurate paystubs and wage statements. The Named Plaintiffs and other members of the putative class thus have sustained similar injuries as a result of the Defendants' actions.

22. The Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiffs have retained counsel experienced in complex wage and hour collective and class action litigation.

23. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Named Plaintiffs and other members of the putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## FACTS

24. Upon information and belief, beginning in or around June 2010, the Defendants employed numerous individuals as butchers, meat and poultry handlers, packagers, cleaners and in other related jobs.

25. Upon information and belief, Defendant I&D Glatt has engaged and continues to

engage in interstate commerce within the meaning of the FLSA at all times relevant herein, in that it: (i) has had and continues to have an annual gross volume of sales of not less than $500,000 at all times relevant to this action; and (ii) has had and continues to have employees working with and/or selling goods and materials that have been shipped into this state from other states.

26. The payments made to the Named Plaintiffs and other members of the putative class by Defendants constitute "wages" as that term is defined under Article 6 and Article 19 of the New York Labor Law.

27. Upon information and belief, while working for Defendants, the Named Plaintiffs and members of the putative class were regularly required to perform work for Defendants in excess of forty hours each week, without receiving overtime compensation as required by applicable federal and state law.

28. Upon information and belief, while working for Defendants, the Named Plaintiffs and members of the putative class were regularly required to work shifts which exceeded ten hours in one day, without receiving spread of hours compensation as required by applicable state law.

29. Upon information and belief, while working for Defendants, the Named Plaintiffs and members of the putative class were not provided with accurate paystubs or wage statements as required by applicable state law.

30. Plaintiff Sanchez worked for Defendants at the Brooklyn location as a butcher and meat packer from approximately July 2009 to December 2014. From July 2009 through 2012, Plaintiff Sanchez normally worked 6 days per week. His schedule was typically as follows: Mondays and Tuesdays he worked from approximately 5:00 a.m. to 7:30 p.m.; Wednesdays and

Thursdays, he normally worked from 5:30 a.m. to 8:30 p.m. and Fridays from 5:30 a.m. to 5:00 p.m.. From approximately 2012 through 2014, his schedule remained the same, except for having to work Sundays from 8:00 a.m. to 5:00 p.m. Plaintiff Sanchez was paid a flat weekly rate of approximately $400 to $840 per week in cash without an accurate paystub.

31. During his employment with Defendants, Plaintiff Sanchez was sent to perform work at the W. Hempstead location. Plaintiff Sanchez performed the same work and was paid the exact same way regardless of which location he worked at.

32. Plaintiff Edgar Delgado worked for Defendants at the Brooklyn location as a butcher from approximately June 2011 to January 2016. He usually worked 5 days per week, from approximately 5:00 a.m. to 8:30 p.m. Plaintiff Delgado was paid a flat weekly rate of approximately $500 to $700 per week in cash without an accurate paystub.

33. During his employment with Defendants, Plaintiff Delgado was also sent to perform work at the W. Hempstead location. Plaintiff Delgado performed the same work and was paid the exact same way regardless of which location he worked at.

34. The Named Plaintiffs know that other members of the putative class was were paid the same way as the Named Plaintiffs because they often spoke amongst themselves about their wages.

35. The Named Plaintiffs and, upon information and belief, other members of the putative class typically worked in excess of forty hours each week they were employed by Defendants.

36. The Named Plaintiffs and, upon information and belief, other members of the putative class typically worked shifts that exceeded ten hours in one day.

37. The Named Plaintiffs and, upon information and belief, other members of the putative class were paid in cash and did not receive paystubs accurately reflecting the hours

worked and wages paid each week, nor did they receive wage statements.

38. Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and applicable State law by failing to maintain proper and complete timesheets or payroll records.

39. Upon information and belief, Defendant David Yizhaky was an officer, director, president, vice president, and/or owner of I&D Glatt, and (i) had the power to hire and fire employees for the company; (ii) supervised and controlled employee work schedules or conditions of employment for the company; (iii) determined the rate and method of payment for Defendants' employees; and (iv) maintained employment records for I&D Glatt.

40. Upon information and belief, Defendant David Yizhaky dominated the day-to-day operating decisions of I&D Glatt, made all major personnel decisions for I&D Glatt, and had complete control of the alleged activities of I&D Glatt which give rise to the claims brought herein.

41. Upon information and belief, Defendant David Yizhaky was a supervisor, officer and/or agent of I&D Glatt, who acted directly or indirectly in the interest of I&D Glatt, and is an employer within the meaning of the Fair Labor Standards Act. David Yizhaky, in his capacity as an officer, director, president, vice president, and/or owner, actively participated in the unlawful method of payment for I&D Glatt employees.

42. Upon information and belief, Defendants operate as part of an integrated enterprise that employed or jointly employed the Named Plaintiffs and members of the putative class at all relevant times.

43. Defendants are a single and/or joint employer under New York Labor Law in that they share a common business purpose and ownership, maintain common control, oversight and direction over the operations of the work performed by the Named Plaintiffs and putative class,

including payroll practices. Upon information and belief, individual Defendant has had substantial control of the Named Plaintiffs' and members of the putative class' working conditions and over the unlawful policies and practices alleged herein.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS: FLSA OVERTIME COMPENSATION

44. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 43 hereof.

45. Pursuant to 29 U.S.C § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

46. I&D Glatt is an employer, within the meaning contemplated, pursuant to 29 U.S.C. § 203(d).

47. David Yizhaky is an employer, within the meaning contemplated, pursuant to 29 U.S.C. § 203(d).

48. The Named Plaintiffs and other members of the putative collective action are employees, within the meaning contemplated, pursuant to 29 U.S.C. §203(e).

49. The Named Plaintiffs and other members of the putative collective action, during all relevant times, engaged in commerce or in the production of goods for commerce, or were employed in an enterprise engaged in commerce or in the production of goods for commerce.

50. 29 U.S.C. §213 exempts certain categories of employees from minimum wage obligations. None of these exemptions apply to the Named Plaintiffs or other similarly situated

employees.

51. Upon information and belief, Defendants violated the FLSA by failing to pay the Named Plaintiffs and other members of the putative collective overtime wages at a rate of one and one-half times the normal rate of pay for all hours worked over 40 in any given week.

52. Upon information and belief, the failure of Defendants to pay the Named Plaintiffs and other members of the putative collective their rightfully owed wages was willful.

53. By the foregoing reasons, Defendants are liable to the Named Plaintiffs and other members of the putative collective in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK OVERTIME COMPENSATION

54. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 53 hereof.

55. I&D Glatt is an employer, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

56. David Yizhaky is an employer, within the meaning contemplated, pursuant to York Labor Law Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

57. The Named Plaintiffs and other members of the putative class are employees, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

58. 12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for

overtime at a wage rate of one and one-half times the employee's regular rate…."

59. New York Labor Law Article 19 § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

60. Named Plaintiffs and, upon information and belief other members of the putative class, worked more than forty hours a week while working for Defendants.

61. Named Plaintiffs and, upon information and belief other members of the putative class, did not receive overtime compensation for all hours worked in excess of forty hours in any given week.

62. Consequently, by failing to pay to the Named Plaintiffs and other members of the putative class overtime compensation, Defendants violated New York Labor Law Article 19 § 663 and 12 NYCRR § 142-2.2.

63. Upon information and belief, Defendants' failure to pay overtime compensation to the Named Plaintiffs and members of the putative class was willful.

64. By the foregoing reasons, Defendants have violated New York Labor Law Article 19 § 663 and 12 NYCRR § 142-2.2 and are liable to the Named Plaintiffs and members of the putative class action in an amount to be determined at trial, plus damages, interest, attorneys' fees, and costs.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK STATE SPREAD OF HOURS COMPENSATION

65. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 64 hereof.

66. Title 12 NYCRR §146.16(a) requires that, "[o]n each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate."

67. The Named Plaintiffs and other members of the putative class worked more than 10 hours in a day.

68. Upon information and belief, Defendants did not pay the Named Plaintiffs and other members of the putative class an additional hour's pay when they worked more than 10 hours in a day.

69. Consequently, by failing to pay to the Named Plaintiffs and other members of the putative class an additional hour's pay when they worked more than 10 hours in a day, Defendants violated 12 NYCRR § 146-1.6(a).

70. Upon information and belief, Defendants' failure to pay "spread of hours" compensation for work performed by the Named Plaintiffs and other members of the putative class after 10 hours in a day was willful.

71. By the foregoing reasons, Defendants have violated 12 NYCRR § 146-1.6(a), and are liable to the Named Plaintiffs and other members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees, and costs

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK IMPROPER PAY STUBS AND DOCUMENTATION

72. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 71 hereof.

73. Pursuant to New York Labor Law §§ 198-1(d) and 195 and 12 NYCRR § 146-2.2 and 2.3, an employer is required to provide its employee with a paystub that accurately reflects the rate of pay, the hours worked and the amounts deducted. The paystubs must include: the

employee's rate or rates of pay; the overtime rate of pay, if the employee is subject to overtime regulations; the basis of wage payment (per hour, per shift, per week, piece rate, commission, etc.); any allowances the employer intends to claim as part of the minimum wage including tip, meal, and lodging allowances; the regular pay day; the employer's name and any names under which the employer does business (DBA); the physical address of the employer's main office or principal place of business and, if different, the employer's mailing address ; and the employer's telephone number.

74.   According to New York Labor Law § 198-1(d), Plaintiffs are entitled to $100 for every week in which they did not receive a pay stub.

75.   The Named Plaintiffs and other members of the putative class did not receive accurate paystubs each week that they worked.

76.   By the foregoing reasons, Defendants violated New York Labor Law §§ 198-1(d) and 195 and 12 NYCRR § 146-2.2 and 2.3 and are liable to the Named Plaintiffs and other members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees and costs.

**WHEREFORE**, the Named Plaintiffs, individually and on behalf of all other persons similarly situated who were employed by IND GLATT, INC. and I&D GLATT 2, INC. d/b/a I&D GLATT or any other entities affiliated with or controlled by IND GLATT, INC. and I&D GLATT 2, INC. d/b/a I&D GLATT and DAVID YIZHAKY, demand judgment:

(1)   on their first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs,

(2)   on their second cause of action against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

(3)   on their third cause of action against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys, fees and costs;

(4)   on their fourth cause of action against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys, fees and costs; and

(5)   Any other and further relief the Court may deem appropriate.

Dated: New York, New York
       June 23, 2016

                               VIRGINIA & AMBINDER, LLP

By:   __/s Leonor Coyle_____
       Lloyd Ambinder
       Leonor Coyle
       40 Broad Street, 7th floor
       New York, New York 10004
       Tel:   (212) 943-9080
       Fax:   (212) 943-9082
       lcoyle@vandallp.com